IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS - URBANA DIVISION

| | |
|---|---|
| DONALD H. SAMPSON, <br> Plaintiff, <br> v. <br> COUNTY OF KANKAKEE, CITY OF KANKAKEE, UNKNOWN CITY OF KANKAKEE POLICE OFFICERS, KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI, CORRECTIONAL OFFICER HARRINGTON, CORRECTIONAL OFFICER SMITH, and CORRECTIONAL OFFICER NOLAN, <br> Defendants. | Case No. 09 CV 2067 <br><br> Judge McCuskey <br><br> Mag. Judge Bernthal |

## FIRST AMENDED COMPLAINT

Plaintiff, Donald Sampson ("Sampson") by and through his attorneys, The Law Firm of Rowe & Associates, and pursuant to Fed. R. Civ. P. 15(a) files this *First Amended Complaint*, complaining of Defendants County of Kankakee ("County"), City of Kankakee ("City"), Unknown City of Kankakee Police Officers ("Officers"), Kankakee County Sheriff Timothy Bukowski ("Bukowski"), Correctional Officer Harrington ("Harrington"), Correctional Officer Smith ("Smith"), and Correctional Officer Nolan ("Nolan")(collectively hereinafter "Defendants") as follows:

### INTRODUCTION

This case arises from the wrongful arrest and false imprisonment of Sampson perpetrated by unknown law enforcement officers employed by City, and the subsequent use of excessive and brutal force upon Plaintiff by Sheriff's employees Harrington, Smith and Nolan while Plaintiff was incarcerated. The Defendants' actions violated Plaintiff's constitutional rights and caused him to suffer damages.

## JURISDICTION & VENUE

1. This action is brought pursuant to 42 U.S.C. §1983. This Court has jurisdiction over these claims pursuant to 28 U.S.C. §1331 and 1334(a).

2. Venue is proper in this judicial district because the acts giving rise to Plaintiff's claims occurred in this judicial district, specifically in the city of Kankakee, county of Kankakee, state of Illinois.

## PARTIES

3. Plaintiff, Sampson, is an adult individual who, at all times relevant hereto, was a resident of the city of Kankakee, state of Illinois.

4. Defendant, County of Kankakee, is a governmental entity organized in accordance with the laws of the State of Illinois and is maintained as a party to these proceedings pursuant to *Carver v. Sheriff of LaSalle Co.*, 324 F.3d 947 (7th Cir. 2003)[1]

5. Defendant, City of Kankakee, is a municipal organization organized in accordance with the laws of the State of Illinois, and at all times relevant hereto was the employer and/or principal of the unknown defendant City of Kankakee Police Officers.

6. Defendant City of Kankakee police officers, whose identities are unknown at this time, are law enforcement officers employed by the City of Kankakee who at all

---

[1] The Seventh Circuit has recently recognized that in §1983 claims against Illinois sheriffs, Illinois counties have a duty to indemnify judgments or settlements entered against sheriffs or their deputies, and are accordingly necessary and indispensable parties for purposes of indemnification. See *Carver v. Sheriff of LaSalle Co.*, 324 F.3d 947 (7th Cir. 2003)

times relevant hereto were acting under color of law and as employees and/or agents of the City of Kankakee, and who participated in the arrest, prosecution and/or imprisonment of Plaintiff.

7. Defendant, Timothy Bukowski, is the Sheriff of Kankakee County and in such capacity is charged with keeping and maintaining his office and exercising its powers and duties at his discretion pursuant to 55 ILCS 5/3-6019. At all times relevant hereto Bukowski was the employer and/or principal of Defendants Harrington, Nolan and Smith.

8. Defendants Harrington, Nolan and Smith were, at the time of the acts from which this case arises, correctional officers employed by Kankakee County Sheriff Bukowski, and were assigned to the Jerome Combs Detention Center facility (JCDC) in Kankakee, Illinois.

### FACTS COMMON TO ALL COUNTS

9. On or about September 1, 2008, Plaintiff was placed under arrest by unknown City of Kankakee Police Officers and charged with the crime of residential burglary (720 ILCS 5.0/19-3(a)). In connection with this charge he was detained at the JCDC.

10. On or about September 18, 2008, Plaintiff was indicted by a grand jury convening in the County of Kankakee based upon the testimony of City of Kankakee Police Officer James Alrandi.

11. Officer Alrandi intentionally offered false and misleading testimony at the September 18, 2008 grand jury proceeding.  Officer Alrandi was the only witness to testify at the grand jury proceedings, and the grand jury returned an indictment based upon said testimony.

12. Following the indictment, criminal case #08-CF-551 was commenced against Plaintiff by the Kankakee County State's Attorneys' Office in the Kankakee County criminal courthouse.  Hon. Judge Clarke Erickson, at the time the Chief Judge of Kankakee County, presided over said case.

13. On or about December 8, 2008, Plaintiff filed a motion to dismiss the indictment based upon the false and misleading grand jury testimony of Officer Alrandi, which Judge Erickson granted on April 3, 2009.  Following the court's ruling Plaintiff was released from the custody of the Sheriff's Department and JCDC on April 3, 2009 (after 214 days in custody) as all charges against him were dismissed with prejudice.

14. While incarcerated at the JCDC on or about February 23, 2009, Defendants Harrington, Nolan and Smith transported Plaintiff to an 'isolation cell' within the JCDC.

15. During the course of this transport, Harrington and Smith intentionally threw Plaintiff to the floor of the isolation cell with great force and without cause or justification.  Plaintiff was still handcuffed and could not brace his fall.  As a result, he was injured.

16. After Harrington and Smith threw Plaintiff to the floor, Nolan intentionally threw his knee into Plaintiff's jaw with such great force that two of Plaintiff's teeth were shattered.  Nolan lacked cause and/or justification to act in the aforesaid manner.  Plaintiff remained handcuffed at this time.

17. After shattering Plaintiff's teeth, Nolan shocked Plaintiff with a taser gun at least one time.  Nolan lacked cause and/or justification to act in the aforesaid manner.  Plaintiff remained handcuffed at this time.

18. In addition to the aforesaid actions of Nolan, Harrington and Smith, said Defendants used excessive force throughout the transport and within the isolation cell wherein they shoved Plaintiff, placed the handcuffs on Plaintiff in an overly and unnecessarily tight manner, and hit and/or kicked Plaintiff while handcuffed.

19. At all times relevant hereto, Harrington, Nolan and Smith were employees of Sheriff Bukowski acting within the scope of said employment and under color of law.

20. At all times relevant hereto, unknown City of Kankakee Police Officers and City of Kankakee Police Officer Alrandi were employees of the City acting within the scope of said employment and under color of law.

21. Defendants' actions proximately caused Plaintiff to suffer damages and physical injury.

## COUNT I
## EXCESSIVE FORCE v.  BUKOWSKI, HARRINGTON, NOLAN & SMITH

¶(1)-¶(21)   Plaintiff incorporates by reference ¶(1)-¶(21) of this Complaint as if fully contained herein in this Count I.

22. In transporting Plaintiff within the JCDC, Defendants Harrington, Nolan and Smith were acting under color of law and within the scope of their employment as correctional officers employed by Sheriff Bukowski.

23. Defendants Harrington, Nolan and Smith used unreasonable and excessive force in detaining and transporting Plaintiff when without justification or cause they committed and/or conspired to commit the aforesaid acts, namely those appearing in ¶¶15-18 of this Complaint.

24. Defendants' actions as alleged herein violated Plaintiffs' right to be free from excessive force, pursuant to 42 U.S.C. §1983.

25. As a result of Defendants' actions, Plaintiff suffered damages and physical injury.

**WHEREFORE,** Plaintiff seeks judgment against Defendants Bukowski, Harrington, Nolan and Smith for actual and compensatory damages in an amount deemed at time of trial to be just, and fair, as well as attorneys' fees and costs.

Plaintiff demands trial by jury.

## COUNT II
## <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS v. BUKOWSKI, HARRINGTON, NOLAN & SMITH</u>

¶(1)-¶(21)   Plaintiff incorporates by reference ¶(1)-¶(21) of this Complaint as if fully contained herein in this Count II.

26. In transporting Plaintiff within the JCDC, Defendants Harrington, Nolan and Smith were acting under color of law and within the scope of their employment as correctional officers employed by Sheriff Bukowski.

27. Defendants Harrington, Nolan and Smith used unreasonable and excessive force in detaining and transporting Plaintiff in the manner alleged in ¶¶15-18 of this Complaint with intent to inflict emotional distress upon Plaintiff knowing that there was at least a high probability, and actually intending that, their acts would cause Plaintiff severe emotional distress and physical injury.

28. The conduct of Defendants Harrington, Nolan and Smith was undertaken without cause, justification and/or provocation.

29. The conduct of Defendants Harrington, Nolan and Smith was extreme, outrageous, and beyond all possible bounds of decency.

30. As a direct and proximate result of Defendants intentionally, knowingly, unlawfully, unconscionably, willfully, and wantonly acting in the manner aforesaid, Plaintiff suffered and will suffer severe emotional distress and physical injury, causing him to incur actual damages.

31. As a direct and proximate result of Defendants' actions, Plaintiff suffered emotional distress including, but not limited to, extreme fear, crippling anxiety, terrifying nightmares and a justifiable fear of future beatings. These fears were so grave that Plaintiff fell physically ill.

32. As a result of Defendants' actions, Plaintiff suffered severe distress, damages and physical injury.

33. The misconduct outlined above is so egregious as to warrant imposition of punitive damages.

**WHEREFORE,** Plaintiff requests actual and compensatory and punitive damages in an amount deemed at time of trial to be just, and fair, as well as attorney's fees and costs.

Plaintiff demands trial by jury.

## COUNT III
## FALSE ARREST & IMPRISONMENT v. UNKNOWN CITY OFFICERS

¶(1)-¶(21)   Plaintiff incorporates by reference ¶(1)-¶(21) of this Complaint as if fully contained herein in this Count III.

34. In detaining and effecting the arrest of Plaintiff, Defendant Officers and each of them were acting under color of law.

35. Plaintiff had violated no criminal statute and posed no immediate threat to Defendants' safety or to others.

36. Defendant Officers had no probable cause to believe the Plaintiff committed any crime, let alone a residential burglary.

37. As a result of Defendant Officers' conduct, Plaintiff was arrested and held in custody at the JCDC for 214 days.

38. The charge for which Defendant was arrested and held in custody was dismissed with prejudice as a result of the false testimony of City of Kankakee Police Officer James Alrandi.

39. Defendants' actions as alleged herein violated Plaintiff's right to be free from unreasonable seizures, pursuant to 42 U.S.C. §1983.

40. As a direct and proximate result of this wrongful arrest and imprisonment, Plaintiff was incarcerated and injured, including emotional and physical damage, lost opportunities, traumas, humiliation, loss of liberty, mental distress and anguish.

**WHEREFORE,** Plaintiff requests actual and compensatory damages in an amount deemed at time of trial to be just, and fair, as well as attorney's fees and costs. Plaintiff demands trial by jury.

## COUNT IV
### RESPONDEAT SUPERIOR v. CITY

¶(1)-¶(21)    Plaintiff incorporates by reference ¶(1)-¶(21) of this Complaint as if fully contained herein in this Count IV.

41. In committing the acts alleged in Count III of this Complaint, the Defendants, unknown City of Kankakee Police Officers, were employees and/or agents of the City, acting at all relevant times within the scope of their employment.

42. In Illinois, public entities are directed to pay for any tort judgment for

compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

43. Unknown City of Kankakee Police Officers' unlawful acts, which occurred within the scope of their employment activities, were the proximate cause of Plaintiff suffering physical and emotional injuries.

**WHEREFORE,** Plaintiff seeks judgment against Defendants City in *respondeat superior* for compensatory damages in an amount deemed at time of trial to be just, and fair, as well as attorneys' fees and costs.

Plaintiff demands trial by jury.

## COUNT V
## *CARVER* INDEMNIFICATION CLAIM  v. COUNTY

¶(1)-¶(21)   Plaintiff incorporates by reference ¶(1)-¶(21) of this Complaint as if fully contained herein in this Count III.

44. In committing the acts alleged in Count I of this Complaint, Defendants Harrington, Nolan and Smith were employees and/or agents of Sheriff Bukowski, acting at all relevant times within the scope of their employment.

45. Defendant Bukowski's, Harrington's, Nolan's and Smith's unlawful acts, which occurred within the scope of their employment activities, were the proximate cause of Plaintiff suffering physical and emotional injuries.

46. In §1983 claims against Illinois Sheriffs, upon which Count I of this Complaint is based, Illinois Counties such as Kankakee County have a duty to indemnify

judgments or settlements entered against Sheriffs or their deputies. <u>See</u> *Carver*, 324 F.3d 947.

**WHEREFORE,** Plaintiff seeks judgment against Defendant County in indemnification pursuant to *Carver* for actual and compensatory damages in an amount deemed at time of trial to be just, and fair, as well as attorneys' fees and costs.

Plaintiff demands trial by jury.

Dated April 17, 2009                                                                                  Respectfully Submitted,


                                                                                                                     s/ James R. Rowe
                                                                                                                         James R. Rowe
                                                                                             Attorney for Plaintiff

James R. Rowe (ARDC# 6279720)
The Law Firm of Rowe & Associates

*Chicago Office*
205 W. Randolph, Suite 1430
Chicago, Illinois 60606
(312) 345-1357 tel
(312) 896-0212 fax

*Kankakee Office*
111 South Indiana Ave., Suite 207
Kankakee, Illinois 60901
(815) 929-3844 tel
(815) 346-2358 fax