UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| DONALD H. SAMPSON, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CORRECTIONAL OFFICER NOLAN, et al., )<br>)<br>Defendants. ) | Case No. 09-CV-2067 |

### OPINION

This case is before the court for ruling on the pro se Petition for Leave to File Motion for Relief from Judgment (#37) filed by Plaintiff, Donald H. Sampson. This court has carefully reviewed Plaintiff's pro se Petition (#37) and Defendants' Response (#38). Following this careful and thorough review, Plaintiff's pro se Petition (#37) is DISMISSED as untimely.

### BACKGROUND

On March 16, 2009, Plaintiff filed a pro se Complaint (#1) in this court. On April 17, 2009, Plaintiff filed a five-count Amended Complaint (#9) through his counsel James R. Rowe. Plaintiff alleged excessive force, intentional infliction of emotional distress and false arrest and imprisonment. Plaintiff also included counts regarding the alleged liability of the City of Kankakee and the County of Kankakee. On June 12, 2009, Defendants County of Kankakee and Timothy Bukowski filed a Motion to Dismiss (#15) and Memorandum in Support (#16). On July 28, 2009, Defendant City of Kankakee filed a Motion to Dismiss (#20). The City of Kankakee stated that Plaintiff filed a complaint in the circuit court of

Kankakee County prior to filing his Complaint in this court. The City stated that Plaintiff included some of the same factual allegations and claims in his prior complaint. The City argued, among other things, that two counts of Plaintiff's Amended Complaint should be dismissed because there was another action pending between the same parties for the same cause. On August 14, 2009, Plaintiff, through counsel, filed a Response to the County of Kankakee's and Bukowski's Motion to Dismiss (#22). Plaintiff stated that he had no objection to the Motion to Dismiss. Plaintiff did not file a Response to the City of Kankakee's Motion to Dismiss. However, on September 11, 2009, a Stipulation to Dismiss (#23) was filed. The Stipulation stated that the City of Kankakee and the unknown City of Kankakee police officers were voluntarily dismissed without prejudice pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. This court subsequently entered text orders and dismissed the County of Kankakee, Bukowski, the City of Kankakee, and the unknown City of Kankakee police officers as parties in this action.

The case proceeded against Correctional Officers Nolan, Smith and Harrington. On December 7, 2009, a Rule 16 conference was held and discovery deadlines, a final pretrial conference and a jury trial were set.

On January 7, 2011, Plaintiff filed a Rule 41 Stipulation of Dismissal as to All Defendants (#31). The Stipulation stated:

> It is hereby stipulated and agreed by and between the parties, Plaintiff, Donald Sampson, and Defendants, Correctional Officer Nolan, Correctional Officer Harrington and

>Correctional Officer Smith, that the above captioned cause of action be dismissed without prejudice and without costs, pursuant to Rule 41 of the Federal Rules of Civil Procedure.

The Stipulation was signed by Plaintiff's Attorney and by Defendants' Attorney. On January 14, 2011, Magistrate Judge David G. Bernthal entered a text order. Judge Bernthal stated that he had reviewed and approved the parties' stipulation of dismissal. Judge Bernthal stated that the case was dismissed without prejudice and without costs, pursuant to Rule 41 of the Federal Rules of Civil Procedure. Judge Bernthal directed the clerk to terminate the case.

## ANALYSIS

On August 12, 2013, approximately 2½ years after the case was dismissed and terminated, Plaintiff filed a pro se Petition for Leave to File Motion for Relief from Judgment (#37). In the Petition and attached Motion, Plaintiff stated that he just recently inquired about this case and was informed that it had been dismissed without prejudice by agreement. Plaintiff stated that he did not agree to the stipulation to dismiss and believed his attorney abandoned this matter prematurely. Plaintiff stated that he was seeking relief pursuant to Rule 60 of the Federal Rules of Civil Procedure and asked this court to reinstate the case for further proceedings so he can proceed pro se.

On August 26, 2013, Defendants filed their Response to Plaintiff's Petition for Relief from Judgment (#38). Defendants argued that, while there are reasons to seriously question the veracity of the statements contained in Plaintiff's Petition, Plaintiff is not entitled to any

relief in this case even if all of Plaintiff's assertions are true. This court agrees that there are reasons to seriously question the veracity of the statements contained in Plaintiff's Petition.[1] This court disagrees with Defendants that this court does not have jurisdiction to consider Plaintiff's request for relief. This court concludes, however, that Plaintiff's Petition is clearly untimely and must be dismissed.

A suit that is voluntarily dismissed under Rule 41, which is what occurred in this case, generally is treated as if it was never filed in the first place. *See Nelson v. Napolitano*, 657 F.3d 586, 587 (7th Cir. 2011); *Smith v. Potter*, 513 F.3d 781, 782-83 (7th Cir. 2008). Therefore, the district court loses jurisdiction over the case except for limited purposes. *See Nelson*, 657 F.3d at 588-89. However, the Seventh Circuit has recognized that "there may be instances where a district court may grant relief under Rule 60(b) to a plaintiff who has voluntarily dismissed the action." *Nelson*, 657 F.3d at 589.

In this case, Plaintiff is seeking relief under Rule 60. "Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic),

---

[1] This court notes that it does not believe that Plaintiff's Attorney entered into the Stipulation of Dismissal without Plaintiff's knowledge and approval.

        misrepresentation, or misconduct by an opposing party;

        (4) the judgment is void;

        (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

        (6) any other reason that justifies relief."

*Nelson*, 657 F.3d at 589, *quoting* Fed. R. Civ. P. 60(b). "Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances." *Nelson*, 657 F.3d at 589, citing *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010). This court concludes that the statements in Plaintiff's pro se Petition show that only Rule 60(b)(1) could provide any basis for relief in this case. However, Rule 60(c) provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). This court therefore concludes that Plaintiff's request for relief under Rule 60(b) is untimely.

      This court notes that Plaintiff has stated that he has been confined in jail or in prison since June 12, 2009 and only recently inquired about this matter and was informed that the case was dismissed without prejudice on January 14, 2011. Plaintiff also stated that he made attempts to contact his attorney and was unsuccessful. However, Plaintiff's Petition was filed more than one year after the case was voluntarily dismissed, and it is therefore untimely. *See Edwards-Brown v. Crete-Monee 201-U Sch. Dist.*, 491 Fed. Appx. 744, 2012 WL 3192232, at *3 (7th Cir. 2012). This one-year deadline is jurisdictional and this court lacks discretion

to extend it. *Edwards-Brown*, 2012 WL 3192232, at *3, *citing Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006). "[A] party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6) [of Rule 60(b)]." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). In any case, this court has no doubt that Plaintiff was well able to inquire about his case long before the one-year time period expired.[2] Because Plaintiff's Petition is not timely, this court must dismiss it.

IT IS THEREFORE ORDERED THAT Plaintiff's pro se Petition for Leave to File Motion for Relief from Judgment (#37) is DISMISSED as untimely.

ENTERED this 4th day of September, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE

---

[2] This court notes that Plaintiff himself stated that he has been able to proceed pro se in Case No. 09-CV-2224, a different case currently pending before this court. This court also notes that Plaintiff does not have the option of filing a new lawsuit in this case because the events at issue took place in September 2008 so the statute of limitations on his claims expired long ago. *See Edwards-Brown*, 2012 WL 3192232, at *2.